IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DENISE ADAMS HILL,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PJM 14-361 |
| **WASHINGTON METRO AREA TRANSIT AUTHORITY,** | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION**

Denise Adams Hill has sued the Washington Metro Area Transit Authority ("WMATA") for negligence as a result of her slip and fall on a WMATA escalator at the Grosvenor Metro Station in Bethesda, MD. Following discovery, WMATA filed a Motion for Summary Judgment (Paper No. 12). For the reasons that follow, WMATA's Motion for Summary Judgment (Paper No. 12) is **GRANTED**.

On a motion for summary judgment, the Court may grant the motion when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

These are the undisputed facts: At approximately 8:00 a.m. on June 13, 2013, Hill was riding on a descending escalator at the Grosvenor Metro Station when a lurch in the escalator caused her to fall and sustain injuries. Just prior to Hill's fall, other patrons had used the escalator without incident, and there is no indication in the record that WMATA had prior notice of a defect in the escalator that would have caused the escalator to move abruptly.

WMATA argues it is entitled to judgment as a matter of law because Hill has failed to name an expert witness to establish negligence in the alleged malfunction of the escalator. Because WMATA had no prior notice of a defect that would cause the escalator to lurch, it argues Hill must have an expert to establish that the escalator would not have malfunctioned absent WMATA's negligence. Hill responds that the doctrine of *res ipsa loquitur* controls here, and therefore an expert is not necessary to establish negligence. WMATA submits that, under Maryland law, the doctrine of *res ipsa loquitur* does not apply on escalator (or elevator) malfunction cases.

The Court agrees with WMATA. "[A] case involving complex issues of fact, for which expert testimony is required, is not a proper case for *res ipsa loquitur*." *Holzhauer, v. Saks & Co.*, 697 A.2d 89, 95 (Md. 1997). This is because *res ipsa loquitur* only applies when "the common knowledge of jurors is sufficient to support an inference or finding of negligence on the part of a defendant." *Id.* at 94 (internal quotation omitted). As the Court of Appeals of Maryland explained, "in cases concerning the malfunction of complex machinery, an expert is required to testify that the malfunction is of a sort that would not occur absent some negligence." *Holzhauer*, 697 A.2d at 95; *see also Jones v. Reichert Jung, Inc.*, 211 F. Supp. 2d 661, 668 (D. Md. 2002) ("Expert testimony is required . . . because the liability issues require the application of science, mechanics and engineering rather than ordinary matters which jurors would be aware of by virtue of common knowledge.").

Hill's failure to name an expert to opine as to WMATA's purported negligence and the inapplicability of the doctrine of *res ipsa loquitur* to the case are fatal to Hill's suit.

For the foregoing reasons, the Court **GRANTS** WMATA's Motion for Summary Judgment (Paper No. 12) and the case will be **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**November 24, 2014**